UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20557
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARL DENNIS BARNETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-00-CR-215-1)
_____

March 15, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Carl Dennis Barnett appeals his guilty plea convictions for conspiracy to defraud the United States by filing false income tax returns, in violation of 18 U.S.C. § 286, and for filing false income tax returns, in violation of § 287. Barnett pleaded guilty on 9 January 2001, the second day of trial.

He contends the district court abused its discretion in denying his 13 March 2001 motion (approximately two weeks before sentencing) to withdraw that plea. The district court found: Barnett had entered his plea voluntarily and free from threats or

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

coercion; and his later contrary assertions lacked credibility in the light of conflicts with both his prior testimony and that of trial counsel.

The district court may grant a motion to withdraw a guilty plea before a defendant is sentenced if the defendant shows "any fair and just reason." FED. R. CRIM. P. 32(e). The denial of a Rule 32(e) motion is reviewed for abuse of discretion. *See* **United States v. Grant**, 117 F.3d 788, 789 (5th Cir. 1997).

The district court did not abuse its discretion. The record demonstrates Barnett knowingly and voluntarily pleaded guilty with the assistance and advice of counsel. Barnett is well educated; and the district court engaged in a thorough plea colloquy, ensuring that Barnett understood the plea agreement, had discussed it with counsel, and was satisfied with his counsel's representation. Other relevant considerations include Barnett's two-month delay in filing the motion, the inconvenience to the court, the potential prejudice to the Government, and the waste of judicial resources which would result from scheduling a new trial.

Under the totality of the circumstances, Barnett has failed to demonstrate a fair and just reason for withdrawal of his guilty plea. *See* FED. R. CRIM P. 32(e); *see also* **United States v. Carr**, 740 F.2d 339, 343-44 (5th Cir. 1984) (describing factors for consideration), *cert. denied*, 471 U.S. 1004 (1985).

**AFFIRMED**